## K-D MFG. CO. et al. v. WATERLOO VALVE SPRING COMPRESSOR CO. et al.

### No. 242.

District Court, N. D. Iowa, E. D.

Jan. 18, 1936.

Reed, Beers & Graham, of Waterloo, Iowa, and Richard E. Babcock, of Washington, D. C., for plaintiffs.

George C. Kennedy, of Waterloo, Iowa, for defendants.

SCOTT, District Judge.

This is a suit in equity brought by K-D Manufacturing Company, Harry W. Kulp, and Martin C. Dellinger against Waterloo Valve Spring Compressor Company and Nicholas Sulentic, to enjoin the alleged infringement of two patents, and for damages on account of such infringement. The defendants answer setting up the defense of invalidity of the plaintiffs' patents, noninfringement, and laches; and also interpose a counterclaim for infringement of defendants' patent, with like prayer for relief.

Plaintiffs' patent No. 1,330,542 was granted February 10, 1920, to Harry W. Kulp, and claims 1, 2, 3, and 4 thereof are specified as infringed by defendants by their devices, according to Complainants' Exhibits 3 and 4; and plaintiffs' patent No. 1,879,330 was granted September 27, 1932, to Harry W. Kulp and Martin C. Dellinger, and claims 7, 8, 9, and 10 thereof are specified as infringed by defendants by their same devices. Plaintiffs' two patents were by the patentees later and a considerable period after the alleged infringement began assigned to plaintiff K-D Manufacturing Company, a corporation, and that corporation, after the assignment, became the sole proprietor of the inventions.

The invention covered by this patent No. 1,330,542 relates to a tool for operation by one hand and comprising a new unitary combination of elements for lifting valve springs of internal combustion engines, being particularly adapted and intended for use in connection with the valve springs of automobile internal combustion engines, and has in view the provision of such a tool wherein the handles or levers are pivoted together in such a way that the movement of the handles or handle ends of the levers toward each other by the mechanic in closing his hand causes the jaw ends of the levers to move apart, the bifurcated jaws being pivotally mounted on the respective jaw end portions of the respective levers, and there being means for maintaining said jaws substantially parallel to each other throughout the range of their relative movement.

Claims 1, 2, 3, and 4 of patent No. 1,330,542, alleged to have been infringed, provide:

"1. A valve-spring lifting tool, comprising a pair of levers pivoted together, jaws pivoted horizontally on the said levers for vertical movement, and means for turning the said jaws on their pivots to compensate for the changing position of the levers and keep said jaws parallel to each other.

"2. A valve-spring lifting tool, comprising a pair of levers pivoted together and a pair of jaws, each of which is pivoted on one of said levers and provided with a tail extending rearwardly and obliquely, and pivoted to the other lever to provide for moving the jaws on their forward pivots, so as to compensate for the changing positions of the levers and maintain parallelism of the jaws.

"3. The combination of a pair of pivoted levers with jaws adapted to straddle a valve stem and pivoted on the forward ends of said levers, these jaws being provided with rearwardly extending crossing tails, each of which has pivotal connection with the lever opposite that which carries said jaw.

"4. A valve-spring lifting tool, comprising two levers pivoted together, a pair of jaws pivoted on the ends of such levers, a tail rigid with each of said jaws, and each of which tails extends from one of said jaws to the opposite lever and is pivotally attached thereto by means permitting slight play at this point."

It will be noted that these claims are very similar in their statement, and I do not deem it important for the purpose of this case to dwell upon any assumed distinguishing elements. The advantages particularly stressed and claimed for this patent over the previous are:

1. The elimination of the possibility of the washer or cup, applied to the lower end of the spring and about the valve stem, tilting or canting and so binding or gripping the valve stem and thus causing said valve stem to move upward with the spring and cup, thereby preventing the removal of the cross-key, the sole purpose in lifting the valve-spring and cup preparatory to removal of the valve with its stem for grinding.

2. The elimination of the fault of "kicking out of position," or "slipping" when compressing the spring, removing the cross-key and detaching the valve.

3. The elimination of the prior risk of injuring fingers and knuckles resulting from such "kicking out of position," or "slipping."

4. The resulting saving of time of the mechanic due to the elimination of the risk above stated.

5. Greater accessibility to the cross-key or keeper between the jaws.

6. The greater efficiency in the application of the leverage, resulting in a small tool that may be used in very cramped quarters, and yet which may be operated more easily by the gripping action of one hand, than the prior known type of valve-spring lifter.

The claims of patent No. 1,879,330 alleged to be infringed are Nos. 7, 8, 9, and 10. Patent No. 1,879,330 and the claims just stated relate merely to an improvement of the device covered in patent No. 1,330,542, and claims 7 to 10, inclusive, are as follows:

"7. A valve-spring lifting tool comprising a pair of levers pivoted together, in combination with an upper jaw-beam, a lower jaw-beam, means for pivotally connecting the said respective beams to the respective levers, means for controlling the movements of said beams with relation to each other about their points of pivotal connection with said levers respectively, and a jaw carried by the extreme front free end portion of said upper beam, said upper beam having a concavely curved upper surface extending rearwardly and downwardly from said jaw toward said levers.

"8. A valve-spring lifting tool comprising a pair of levers pivoted together, in combination with an upper jaw-beam, a lower jaw-beam, means for pivotally connecting the said respective beams to the respective levers, means for controlling the movement of said beams with relation to each other about their points of pivotal connection with said levers respectively, and a jaw carried by the extreme front free end portion of said upper beam and in the normal operative position of the tool extending above the adjacent portions of said upper jaw-beam.

"9. In a valve-spring lifting tool, a lever, a jaw-beam pivotally mounted intermediate its end portions on said lever, means engaging said beam to the rear of its point of pivotal mounting for controlling the relative positions of said beam and lever, said beam carrying a jaw portion at its forward end portion and being downwardly and rearwardly offset from immediately adjacent to said jaw portion toward the point of pivotal mounting of said beam.

"10. In a valve-spring lifting tool, a lever, a jaw-beam pivotally mounted on said lever, means connected with said

beam and said lever for controlling the relative positions of said beam and lever as said beam moves about its pivotal mounting on said lever, said beam carrying a jaw portion at its forward end portion and being downwardly and rearwardly offset from immediately adjacent to said jaw portion toward the point of pivotal mounting of said beam."

Defendants' counterclaim is for alleged infringement of defendants' patent No. 1,603,818 issued October 19, 1926, to N. Sulentic, and licensed to Waterloo Valve Spring Compressor Company, operating under such license. Plaintiffs replying to the counterclaim pleaded invalidity because of lack of invention, and also anticipation, noninfringement, estoppel, and laches. Defendants' patent just describes the invention:

"My invention relates to improvements in spring receiving and manipulating clips, and the object of my improvement is to supply a receiving holder for a compressed spring removed from a valve-stem by a compressing device for use in returning the spring to the valve-stem after the latter is re-seated.

"The above object has been accomplished by the means which are hereinafter described and claimed, and which are illustrated in the accompanying drawings, in which Fig. 1 is a fragmental cross section of a spring and valve-stem receiving compartment of an engine block, showing said spring and valve-stem, also my clip device mounted thereon, in elevation. Fig. 2 is a side elevation on a larger scale of the spring-holder. Fig. 3 is a top plan view of the latter, and Fig. 4 is a front elevation of said holder, showing it holding a coiled and compressed valve-spring.

"I provide a spring clip, made and bent from a single piece of resilient metal plate and having a medial curved bend 29 to serve as a handle or fingerhold. The members of this fingerhold converge and the plate members are then bent and shaped into forked clips resembling the forked clips 22-23 on the U-shaped frame 1, with semicircular parts 30 and the single plane ledges 31 being like the other clips 22 and ledges 23, but integral standards 32 rise from the middles of the clip parts 30 and have their upper ends bent toward each other in alinement at 33 to provide top holders for a received coiled compression spring 27.

"My invention is used as follows. The operator takes the fingerhold 29 of the spring-holder shown in Figs. 3 to 5 and seats the clips yieldingly at 30 about the lower part of the spring shown in dotted lines in Fig. 1, the ledges 31 supporting the lower end of the spring or its basal washer the inwardly curved walls of the forks 30 grasping the spring, and the inner curved edges of the pair of curvate flanges or ledges 31 so embracing the valve-stem as to prevent accidental removals of the ledges 31 therefrom while the inturned extremities 33 engage the upper end of the compressed spring."

In anticipation of Kulp patent No. 1,330,542, the defendant pleads twenty-eight different patents, and in anticipation of patent No. 1,879,330, defendant pleads thirty-eight different patents. Evidence was not offered in connection with all of these. But an examination and consideration of all offered in evidence in my opinion fails to disclose anticipation, and under the evidence introduced in the case both of the plaintiffs' patents must be regarded as valid and infringed by Plaintiffs' Exhibits Nos. 3 and 4.

Turning to defendants' counterclaim and considering the single claim of defendants' patent No. 1,603,818, the court is of opinion that the same is invalid and anticipated by the Kibbe patent No. 1,466,796, if not by others pleaded by plaintiffs as anticipation.

The court, therefore, is of opinion that the plaintiffs are entitled to a decree enjoining further infringement, and for an accounting; and that the defendants' counterclaim should be dismissed.

A decree will be prepared in conformity with this opinion, embodying the findings of fact and conclusions of law submitted and requested by the plaintiffs, with the exception of conclusion of law No. 5, which should be eliminated; and the decree should reserve jurisdiction for the appointment of a master and for an accounting; and exceptions reserved to the defendants.